UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| JUSTIN T. ROBBINS, | ) | Case No.: 1:22 CV 2049 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |


An administrative law judge ("ALJ") denied Plaintiff Justin T. Robbins's application for supplemental security income. The Appeals Council then denied further review, making the ALJ's decision the final decision of the Commissioner of Social Security. As a result, Robbins sought judicial review of the Commissioner's decision. (ECF No. 1.) Under Local Rule 72.2(b)(1), the court referred the case to Magistrate Judge Jennifer Dowdell Armstrong to prepare a Report & Recommendation ("R&R"). Judge Armstrong submitted an R&R on October 20, 2023, recommending that the court affirm the Commissioner's decision. (ECF No. 18.) Robbins timely objected to the R&R. (ECF No. 19.) For the reasons that follow, the court overrules Robbins's objections and affirms the Commissioner's decision.

### DISCUSSION

Robbins's eligibility for supplemental security income depends on whether he qualifies as a "disabled individual," as defined in 42 U.S.C. § 1382c(a)(3). *See* 42 U.S.C. § 1381a. For Robbins to qualify as a "disabled individual," he must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 1382c(a)(3)(A). Moreover, the impairment must be "of such severity that he . . . cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

To determine whether Robbins suffers from a qualifying disability, the ALJ conducted the five-step analysis prescribed by 20 C.F.R. § 416.920(b). (Tr. at PageID #48–49, ECF No. 7.) The ALJ found that Robbins had not engaged in substantial gainful activity since applying for supplemental security income (step one) and that he has autism spectrum disorder, a severe impairment (step two). (*Id.* at PageID# 49–50.) However, the ALJ also found that Robbins's autism spectrum disorder failed to meet the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1, precluding a disability finding at step three. (*Id.* at PageID# 50–52.) Step four did not end the ALJ's analysis because Robbins has no relevant past work. (*Id.* at PageID# 55.) But step five did: the ALJ found that Robbins could adjust to work that exists in significant numbers in the national economy and thus determined Robbins not to be disabled. (*Id.* at PageID# 52–56.)

In his merits brief, Robbins asserted four errors: (1) substantial evidence supports marked, not moderate (as the ALJ found), limitations on his ability to concentrate, persist, and maintain

pace and to adapt or manage himself; (2) the ALJ failed to analyze whether Robbins had the required medical documentation under Listing 12.10(A), and this error was not harmless; (3) substantial evidence supports Robbins's satisfying Listing 12.10(A); and (4) substantial evidence does not support the ALJ's assessment of Robbins's residual functioning capacity. (Br. at PageID #567–68, ECF No. 13.) Robbins's first three asserted errors address the ALJ's step-three determination, while the fourth addresses the ALJ's step-five determination.

In her R&R, Judge Armstrong rejected all four of Robbins's asserted errors. As to the first, Judge Armstrong determined that substantial evidence supports the ALJ's finding that Robbins is only moderately limited in his ability to concentrate, persist, and maintain pace based on Robbins's alertness during a virtual, non-routine medical exam, his regular commitment to routine tasks such as studying, his conversational dexterity, and his performance on a test for processing speed and working memory. (R&R at 16–20.) Likewise, Judge Armstrong determined that substantial evidence supports the ALJ's finding that Robbins is only moderately limited in his ability to adapt or manage himself based on his successful academic performance and calm demeanor. (*Id.* at 20–23.)

Objecting to Judge Armstrong's R&R, Robbins effectively asks the court to reweigh the evidence. (See Ob. at PageID #651–52, ECF No. 19 (arguing that "the ALJ improperly gave too much weight" to one doctor's exam report over another's).) But the court's review is limited to determining whether the Commissioner's decision "is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). And substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th

-3-

Cir. 1994). As such, "[i]n deciding whether to affirm the Commissioner's decision, it is not necessary that this court agree with the Commissioner's finding, as long as it is substantially supported in the record." *Rogers*, 486 F.3d at 241. Upon reviewing all relevant documents in the record, the court agrees with Judge Armstrong that substantial evidence supports the ALJ's finding that Robbins faces moderate limitations on his ability to concentrate, persist, and maintain pace and to adapt or manage himself.

Robbins thus cannot satisfy Listing 12.10(B), which means that any potential error the ALJ made regarding Listing 12.10(A) would have been harmless, as Robbins needed to satisfy both Listing 12.10(A) and Listing 12.10(B) to merit a finding of disability at step three. In any event, the court also agrees with Judge Armstrong that Robbins waived any argument that he satisfied Listing 12.10(A) by insufficiently supporting it in his brief. (R&R at 23–26.) For these reasons, the court rejects Robbins's first, second, and third asserted errors.

As to Robbins's fourth asserted error—the only one to address step five of the ALJ's analysis—Judge Armstrong determined that it, too, had been waived by Robbins's failure to develop or otherwise support it in his brief. (R&R at 26–27.) Upon reviewing Robbins's brief, the court agrees with Judge Armstrong's conclusion. And even if Robbins had not waived this argument, substantial evidence supports the ALJ's determination that Robbins's residual functioning capacity was such that he could successfully adjust to other work. (*See* Tr. at PageID #53 (discussing Robbins's academic performance and his ability to "establish[] rapport easily with the consultative examining psychologist").) For these reasons, the court also rejects Robbins's fourth assignment of error.

In sum, after carefully reviewing the parties' arguments, the R&R, and all other relevant

documents in the record, the court finds that Judge Armstrong's conclusions are fully supported by the record and controlling caselaw. Accordingly, the court adopts as its own Judge Armstrong's R&R. The court hereby affirms the Commissioner's decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 8, 2024